## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TEXAS EASTERN TRANSMISSION, LP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-5291** |
| **KARANKAWA BAY, INC., LESSEE OF STATE OYSTER BEDDING GROUND LEASE NOS. 28016-22, 30125-22, AND 34955-11** | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court is Defendant Karankawa Bay, Inc.'s motion to stay pending arbitration before the Louisiana Oyster Lease Damage Evaluation Board.[1] Plaintiff Texas Eastern Transmission, LP filed an opposition.[2] For the foregoing reasons, Defendant's motion to stay is denied.

## BACKGROUND

Plaintiff is a natural gas company as the term is defined by the Natural Gas Act ("NGA").[3] Defendant is the lessee of three "Leases of Water Bottoms for Oyster Purposes."[4] Plaintiff filed the instant action on December 14, 2022, seeking to condemn Defendant's rights under one of its oyster leases pursuant to the NGA, 15 U.S.C. § 717 *et seq*, and Federal Rule of Civil Procedure 71.1, which, together, govern "proceedings to condemn real . . . property by eminent domain."[5]

Defendant's position is that this action should proceed to arbitration before the

---

[1] R. Doc. 29.
[2] R. Doc. 30.
[3] *Id.*
[4] R. Doc. 29-1 at p. 1.
[5] R. Doc. 30 at p. 1. Initially, Plaintiff sought to condemn Defendant's rights under all three of its oyster leases. R. Doc. 1. However, Plaintiff has since filed an amended complaint clarifying it seeks to condemn only Lease Number 28016-22. R. Doc. 23.

Louisiana Oyster Lease Damage Evaluation Board ("OLDEB"), an entity created by the Lousiana Legislature in 1995 with the specific purpose of resolving damage disputes between oyster leaseholders and oil and gas companies. [6] Prior to the commencement of this action, on October 19, 2022, Defendant commenced an OLDEB proceeding.[7]

On March 14, 2023, Defendant asked this Court to stay this condemnation action to allow the dispute to proceed in front of OLDEB instead.[8]

## LEGAL STANDARD

A district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[9] It is undisputed that "this authority includes the district court's wide discretion to grant a stay in a pending matter."[10] However, [t]his discretionary power of a court . . . is not unlimited.'"[11] A proper use of the court's broad discretion "'calls for the exercise of judgment, which must weigh competing interests and maintain[] an even balance.'"[12]

## LAW AND ANALYSIS

In Defendant's motion, Defendant asks the Court to abstain from exercising its jurisdiction, pursuant to the *Burford* Doctrine.[13] Because Defendant's request involves the Court's jurisdiction, the Court will address this issue first before addressing the request for a stay.

---

[6] R. Doc. 29-1 at p. 2.
[7] *Id.* at p. 1.
[8] *Id.*
[9] *Builder's Iron, Inc. v. W. Sur. Co.*, No. 12-0823, 2012 WL 2406036, at *4 (E.D. La. June 25, 2012).
[10] *E. Cornell Malone Corp. v. Sisters of the Holy Family, St. Mary's Academy of the Holy Family*, 922 F. Supp. 2d 550, 563 (E.D. La. 2013).
[11] *Bar Group, LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 3d 524, 544-45 (S.D. Tex. 2017).
[12] *Id.* at 545 (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983)).
[13] R. Doc. 29-1 at pp. 11-13.

## I. *Burford* Abstention

The Court will not abstain from exercising its jurisdiction over this action. "'The term abstention refers to judicially created rules whereby federal courts may not decide some matters before them even though all jurisdictional and justiciability requirements are met.'"[14] *Burford* abstention permits a federal court to dismiss a case when it involves complex issues of unsettled state law that are better resolved through a state's regulatory scheme.[15] Specifically, *Burford* requires that

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar;" or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."[16]

The doctrine's purpose is to "discourage" federal courts from "second-guessing of state regulatory matters."[17] A court should abstain pursuant to *Burford* where the subject matter involved concerns state regulatory action regarding matters of vital state interest.[18]

"Federal courts have the discretion in these abstention contexts to abstain and decline the exercise of jurisdiction."[19] Even so, "[t]he abstention doctrines are 'extraordinary and narrow exceptions' to the rule that federal courts must exercise the

---

[14] *Chisom v. Jindal*, 890 F. Supp. 2d 696, 718 (E.D. La. 2012) (quoting Erwin Chemerinsky, FEDERAL JURISDICTION 811 (6th ed. 2012)).

[15] *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 726-27 (1996).

[16] *Empire Pipeline, Inc. v. Pendleton*, 472 F. Supp. 3d 25, 39-40 (W.D. N.Y. 2020) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 361 (1989)).

[17] *Sierra Club v. City of San Antonio*, 112 F.3d 789, 796 (5th Cir. 1997); *see also Quackenbush*, 517 U.S. at 727.

[18] See *Burford*, 319 U.S. 315 (involving management and regulation of mineral resources under Texas law); *Sierra Club*, 112 F.3d 789 (involving management and regulation of an aquifer under Texas law).

[19] *Pendleton*, 472 F. Supp. 3d at 40 (quoting *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100-01 (2d Cir. 2012)).

jurisdiction that has been conferred."[20]

The United States Court of Appeals for the Fifth Circuit has outlined five factors a district court should consider in determining whether to abstain under the doctrine of *Burford* abstention:

> (1) whether the cause of action arises under federal or state law; (2) whether the case requires inquiry into unsettled issues of state law or into local facts; (3) the importance of the state interest involved; (4) the state's need for a coherent policy in that area; and (5) the presence of a special state forum for judicial review.[21]

Consideration of these five factors makes clear that *Burford* abstention is not appropriate in the instant case. First, this cause of action arises under federal law. "*Burford* abstention turns on whether the Plaintiff['s] claims may be 'entangled in a skein of state law that must be untangled before the federal case can proceed.'"[22] Defendant argues the rights of action that form the basis for the parties' disputes are Louisiana Revised Statutes 56:423(B) and 56:700.10, statutes providing a right of action for damages to an oyster lease and mandating the OLDEB arbitration procedure, respectively—the statutes upon which Defendant has sought relief through OLDEB.[23] Defendant further argues Plaintiff's "attempt to morph this dispute into a condemnation proceeding does not change the state legislative source of [Defendant's] damages and right of action."[24] However, as Plaintiff aptly notes, this action is an action seeking condemnation authority under Section 7 of the Natural Gas Act.[25] Although Defendant

---

[20] *McKinnon v. Wash. Dept. of Corrections*, No. C21-5097-BHS-MLP, 2021 WL 1894071, at *1 (W.D. Wash. May 11, 2021) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)).
[21] *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 272 (5th Cir. 2009) (quoting *Wilson v. Valley Elec. Membership Corp.*, 8 F.3d 311, 314 (5th Cir. 1993)).
[22] *Smith v. City of Austin*, No. A:18-CV-00505-LY, 2020 WL 13094079, at *11 (W.D. Tex. Feb. 10, 2020) (quoting *Sierra Club v. City of San Antonio*, 112 F.3d 789, 795 (5th Cir. 1997)).
[23] R. Doc. 29-1 at p. 12.
[24] *Id.*
[25] *Smith*, No. A:18-CV-00505-LY, 2020 WL 13094079, at *11 (citing *Sierra Club*, 112 F.3d at 795).

initiated an OLDEB proceeding, there are not state law issues that must be untangled through OLDEB in order for this condemnation action to proceed. Accordingly, the first factor weighs against abstention.

Second, this case does not require inquiry into unsettled issues of state law or into local facts. "Although a federal court may have jurisdiction over a case because the case deals with federal law, federal courts should exercise their power with proper regard for comity and the rightful independence of state governments in carrying out the state's domestic policy."[26] "If a state's laws, regulations, and administrative processes would be unduly influenced and disrupted by interference from a federal court, then *Burford* abstention is favored."[27] Defendant argues a determination of damages to its oyster leases requires inquiry into local facts, as utilized in the OLDEB methodology to calculate damages.[28] However, Defendant's argument is illogical. The Fifth Circuit has held that Louisiana law governs the determination of the measure of just compensation for takings that occur in Louisiana under the NGA.[29] Louisiana courts regard OLDEB "formulas and procedures [as] the exclusive method by which damages are measured for claims related to damages caused by oil and gas companies."[30] While district courts in the Fifth Circuit will necessarily consider OLDEB formulas in their damages calculations, an argument that such an application of local facts serves as a basis for abstention would, as Plaintiff aptly points out, "make abstention the 'rule,' rather than the exception."[31] Accordingly,

---

[26] *Id.*
[27] *Id.* (citing *Sierra Club*, 112 F.3d at 795).
[28] R. Doc. 29-1 at p. 13.
[29] *Texas Gas Transmission, LLC v. 18.08 Acres +/- in Se. Quarter Section 24, Twp. 30, N., Range 4 W., Coahoma Cnty., Miss.*, 2:08CV240-B-V, 2012 WL 6057991, at *5 (N.D. Miss. Dec. 6, 2012) ("Fifth Circuit precedent, as set forth in *Georgia Power Co. v. Sanders*, 617 F.2d 1112 (5th Cir. 1980), requires that state law control the determination of the measure of just compensation in this case.").
[30] *Melerine v. Tom's Marine & Salvage, LLC*, No. 2019-CA-0672, 2020 WL 1056806, at *4 (La. Ct. App. 4 Cir. Mar. 4, 2020) (reversed on other grounds).
[31] R. Doc. 30 at p. 14.

this factor does not favor abstention.

As for the third, fourth, and fifth factors—the importance of the state interest involved, the state's need for a coherent policy in that area, and the presence of a special state forum for judicial review, respectively—the Court finds these factors do not favor abstention. Defendant summarily argues the last three factors weigh in favor of abstention because the "State of Louisiana has an important state interest in utilizing OLDEB to resolve oyster leaseholder and oil and gas disputes;" "the State of Louisiana has dictated a coherent policy within the OLDEB statute;" and "the OLDEB statu[t]e created a public board and an administrative forum specific to oyster lease damages by oil and gas companies."[32] Importantly, Plaintiff points out that Defendant does not identify any important state interest.[33] Nor does Plaintiff address the fact that the OLDEB proceedings are merely *optional*, and either party may opt out of OLDEB arbitration at any time.[34] Finally, as previously discussed, this Court is already required to apply the state law damages calculations, and the Court sees no reason why it is not equipped to properly apply state law in this instance.[35] Accordingly, the Court finds the third, fourth, and fifth factors do not weigh in favor of abstention.

The Court recognizes that the power of the federal courts is a limited one, and that doctrines of abstention are grounded in rules of comity and federalism, created to prevent unnecessary intrusion by the federal court into a state's power to hear and decide state law issues. Even so, "[t]he abstention doctrines are 'extraordinary and narrow exceptions'

---

[32] R. Doc. 29-1 at p. 13.
[33] R. Doc. 30 at p. 14.
[34] *Id.*
[35] *Id.*

to the rule that federal courts must exercise the jurisdiction that has been conferred."[36] The Court's consideration of the above guiding principles and its analysis of the five factors outlined by the Fifth Circuit persuades the Court that the *Burford* abstention doctrine, applicable only in the most extraordinary of cases, is not implicated by this action.

Having considered Defendant's request that this Court abstain from exercising its jurisdiction, the Court now moves to Defendant's motion to stay.

## II. Motion to Stay

The Court now turns to Defendant's request that the Court stay this eminent domain proceeding to allow it to proceed to arbitration before OLDEB.[37] A brief overview of the district court's role in a condemnation action is helpful to understanding whether this court should issue a stay. "[A] federal district court's sole function in an eminent domain proceeding under the NGA is to order condemnation in accordance with a FERC certificate."[38] "Review of FERC certificates is within the exclusive jurisdiction of federal courts of appeals."[39] Instead, the role of the district court is merely one of enforcement.[40]

> The eminent domain authority granted [to] the district courts under § 7(h) of the NGA, 15 U.S.C. § 717f(h), does not provide challengers with an additional forum to attack the substance and validity of a FERC order. The district court's function under the statute is not appellate but, rather, to provide for enforcement. Once the holder of a FERC certificate of public convenience and necessity asks a district court to enforce its right to condemn, the findings in the FERC certificate are treated as conclusive, [including FERC's findings as to necessity.][41]

---

[36] *McKinnon v. Wash. Dept. of Corrections*, No. C21-5097-BHS-MLP, 2021 WL 1894071, at *1 (W.D. Wash. May 11, 2021) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)).
[37] R. Doc. 29-1.
[38] *Kansas Pipeline Co. v. A 200 Foot by 250 Foot Piece of Land, Located in Section 6, Southwest Quarter, Township 32 South, Range 10 West, County of Barber, state of Kansas*, 210 F. Supp. 2d 1253, 1256 (D. Kan. 2002).
[39] *Id.*
[40] *Id.*
[41] *Id.* (internal citations omitted).

Because a district court's role in condemnation actions is merely to enforce the rights provided by the FERC certificate, a stay of a condemnation action effectively operates as a stay of the FERC certificate.[42] As such, district courts have concluded that the authority to stay a condemnation action does not rest with the district courts but instead with FERC or a court of appeals.[43] 15 U.S.C. § 717r(c) delineates when and how a FERC certificate may be stayed.

> The NGA directs that "the filing of an application for rehearing . . . shall not, unless specifically ordered by FERC, operate as a stay of FERC's order. The commencement of appellate proceedings in the courts of appeal shall not, unless specifically ordered by the court, operate as a stay of FERC's order."[44]

The Court finds a decision from the United States District Court for the Southern District of West Virginia persuasive in the instant matter. In *Mountain Valley Pipeline, LLC v. An Easement to Construct, Operate and Maintain a 42-Inch Gas Transmission Line Across Properties in the Counties of Nicholas, Greenbrier, Monroe, and Summers, West Virginia, et al.,* the Southern District of West Virginia denied the defendant's motion to stay the condemnation proceeding.[45] After considering the above language from § 717r(c) of the NGA, the district court aptly determined that it, and other district courts, lacked discretion to order a stay of the pipeline company's FERC certificate.[46] Instead, "an order by FERC [could] not be stayed unless either FERC itself . . . or the

---

[42] *See 42-Inch Gas Transmission*, No. 2:17-cv-04214, 2018 WL 1004745, at *3 (holding the district court lacked discretion to order a stay of the pipeline company's FERC certificate); *Mountain Valley Pipeline, LLC v. 0.15 Acres of Land*, No. 7:19-cv-00181, 2020 WL 365506, at *3 (W.D. Va. Jan. 22, 2020) ("[Defendants] seem to be requesting that the court circumvent the statutory scheme in the name of equity. This court will not stay this action where other courts statutorily authorized to do so have not. *Again, this court's task is to enforce the Certificate Order, not stay its own proceedings to give the landowners more time to challenge it.* Thus, the court does not believe equity requires a stay in this case.") (emphasis in original).
[43] *See id.*
[44] *42-Inch Gas Transmission*, No. 2:17-cv-04214, 2018 WL 1004745, at *3.
[45] *Id.*
[46] *Id.*

reviewing Court of Appeals specifically orders a stay."[47] On that basis, the district court denied the landowner's motion to stay.[48]

The Court agrees with the *Mountain Valley* court that, because the sole function of the district court in condemnation proceedings is to provide for enforcement of FERC certificates and a stay would frustrate that function, district courts lack discretion to order a stay of such a certificate. Having found this Court lacks the power to enter a stay, Defendant's request that the Court stay this condemnation action is denied.

## <u>CONCLUSION</u>

**IT IS ORDERED** that Defendant's motion to stay is **DENIED**.[49]

**New Orleans, Louisiana, this 26th day of June, 2023.**

**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[47] *Id.* (quoting *Tenn. Gas Pipeline Co. v. Mass. Bay Transp. Auth.*, 2 F. Supp. 2d 106, 109 (D. Mass. 1998)).
[48] *Id.*
[49] R. Doc. 29.